## THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN LOWE and Others, Appellants.

*Building, mutual loan and accumulating fund associations — must be organized for both purposes mentioned in section 1 of chapter 122 of 1851 — the object for which it is formed need not be stated in the articles of association — it should not be dissolved until its funds are sufficient to pay members, who have not obtained advances, the amount specified in their shares — when a receiver should be appointed — distribution of the assets — an action may be brought by the attorney-general upon his own motion — unless leave of the court to bring the action has been obtained, a judgment dissolving the association cannot be entered — Code of Civil Procedure, secs. 1781 1782, 1798.*

Section 1 of chapter 122 of 1851, provides that any number of persons, not less than nine, may associate and form an incorporated company for the purpose of accumulating a fund for the purchase of real estate, the erection of buildings or the making of other improvements on lands, or to pay off incumbrances thereon, or to aid its members in acquiring real estate, making improvements thereon and removing incumbrances therefrom, " *and* for the further purpose of accumulating a fund to be returned to its members, who do not obtain advances as above mentioned, when. the funds of such association shall amount to a certain sum per share, to be specified in the articles of association: "

*Held*, that the act required all associations organizing under it, not only to aid those who desired to purchase real estate and make improvements thereon, but also to allow those who did not purchase real estate or make improvements thereon, to participate in the benefits of the association, and that all these associations must, necessarily, be of this character, and could not be organized for one only of the purposes mentioned in the statute.

That the fact that the subject of an accumulating fund was not mentioned as one of its objects in the articles of an association, did not prevent it from exercising all the powers conferred by the statute, as the second section of the act which prescribes what the articles of association shall contain, does not provide that they shall contain any statement of what the object of the society is.

That such an association must continue to exist until its funds shall amount to the sum specified in the articles of association to be paid to the owners of unredeemed shares, when it is provided by the statute that it shall terminate except for the purpose of settling its affairs.

Until the funds of the association are sufficient to pay to the members, who have not obtained advances, the sum specified in the shares held by them, neither the trustees, nor the members, nor both of them, can, in opposition to the wish of any one of their number, dissolve or terminate the business of the corporation, and any attempt to do so and to divide the assets of the corporation is illegal and void.

Where, however, it appears that, in consequence of an attempt made by the trustees to thus illegally terminate the life of such a corporation, its affairs have come into such a condition that it is impossible for it to continue properly its business, and that the removal of the trustees who have attempted to perform these illegal acts will not enable the corporation to continue and complete the purposes of its organization, a receiver of the corporation and of its assets should be appointed, by whom a just and equitable distribution thereof should be made.

By the decree entered in this action, the receiver was directed to execute to some of the mortgagors and members of the society certificates of satisfaction of their mortgages upon certain terms, and to pay to certain other members of the society the par value of their shares.

Held, that as the funds of the society did not give these members this right, this portion of the decree should be reversed.

That the fact that the trustees had violated their duty in attempting to terminate the business of the corporation, in violation of the statute, did not confer upon some of the members any greater right to the assets than is enjoyed by the other members, and that there must be an equitable distribution, and each member must be allowed the proportionate sum to which he is entitled.

That an objection that the action should have been brought upon the relation of somebody was not well taken, as the attorney-general is authorized, by sections 1781 and 1782 of the Code of Civil Procedure, to bring in behalf of the people actions to compel the officers of corporations to account for their official conduct in the management and disposition of the funds and property committed to their charge, and also to procure a judgment suspending them from office where it appears that they have abused their trust.

That, as leave of the court to bring the action had not been granted, as required by section 1798 of the Code of Civil Procedure, a judgment dissolving the corporation could not be obtained in this action.

APPEAL from a judgment, entered upon the trial of this action before the court without a jury.

The action was brought by The People to obtain the removal of certain trustees of a corporation and to have adjudged void a resolution directing the distribution of the assets thereof, and for the appointment of a receiver of its assets. The corporation was entitled "The Second Union Co-operative Land and Building Society." It had existed in the city of New York from the 20th of January, 1868, in pursuance of an act of the legislature, entitled "An act for the incorporation of Building Mutual Loan and Accumulating Fund Associations," passed April 10, 1851. (Chap. 122 of 1851.) It passed a resolution on October 23, 1884, declaring the society dissolved and providing for the distribution of the assets. The corporation was made a party defendant with the

individuals who, as "managers," sought to enforce the resolution above referred to. The case was brought to trial at Special Term where a judgment was rendered in favor of plaintiff, which declared the corporation dissolved and appointed a receiver.

*J. Noble Hayes*, for the appellants.

*Henry Wehle*, for the respondent.

VAN BRUNT, P. J.:

The error into which the learned counsel for the appellants seems to have fallen, and it necessarily permeates the whole of the position taken by him in the action at bar, is that the defendant corporation was a mutual loan and not an accumulating fund association. This claim is based upon the articles of association under which the defendant corporation was formed, which provided that the object of the society should be by co-operation, to enable its members to become their own landlords, by providing funds for each member to purchase real estate within twenty miles of New York, and to make improvements thereon.

A very brief consideration of the statute under which this association is organized will show that an association cannot be organized under such statute without its being an accumulating fund association. The first section of the statute (chap. 122 of the Laws of 1851) provides that any number of persons, not less than nine, may associate and form an incorporated company for the purpose of accumulating a fund for the purchase of real estate, the erection of buildings or the making of other improvements on lands or to pay off incumbrances thereon, or to aid its members in acquiring real estate, making improvements thereon and removing incumbrances therefrom, *and* for the purpose of accumulating a fund to be returned to its members who had not obtained the advances above mentioned, when the funds of such association should amount to a certain sum to be specified in the articles of association. It will thus be seen that in reference to the purchase of real estate to the erection of buildings, to the making of improvements or paying off incumbrances, different schemes may be adopted. But whatever the scheme, in reference to these subjects, that may be adopted by the association, it must be coupled with a provision for accumulating a fund

to be returned to those members who did not obtain advances as above mentioned.

The objects of the association must necessarily be two-fold, one purpose being to aid those who desire to purchase real estate and make improvements thereon, and the other to allow those who did not purchase real estate or make improvements thereon to participate in the benefits of the association, and it is for that reason that the statute has provided that each of these associations shall be organized for the purpose of these real estate transactions and for the further purpose of accumulating a fund to be returned to its members who do not obtain advances.

The association being formed for this dual purpose, each member receives the same benefit whether he chooses to invest in real estate or not. If he invests in real estate he gets his advance. If he does not invest, when the funds of the association arrive at the sum fixed he is paid his dividend in money and the corporation becomes dissolved. Such being the condition of the statute, these associations must necessarily be of this character, and they cannot be organized for one of the purposes mentioned in the statute alone.

But it may be said that under the articles of association of this corporation the subject of an accumulating fund is not mentioned as one of its objects, and that therefore the corporation could not exercise such power. In answer to this objection it seems to be sufficient to say that the second section of the act prescribes what the articles of association shall contain, and it nowhere provides that it shall contain any statement of what the object of the society is. It seems to have been the intent of the legislature to allow an association incorporated under this act to have all the powers which are prescribed by the first section thereof, and the insertion in the articles of association of the object of the society cannot limit this provision of the statute because the insertion of such object is mere surplusage and not required, and therefore incapable of any effect.

This corporation, then, from the very fact of its incorporation, must be an accumulating fund association as well as a mutual loan association, and cannot be dissolved by the action of its trustees. Such association must continue to exist until its funds shall amount to the sum specified per share in the articles of association, when it is provided by statute that it shall terminate except for the purpose

of settling its affairs. In the case at bar it is claimed that no such sum was specified in the articles of association, in order to comply with the requirements of the statute in this respect. But an examination of the articles of association clearly shows that the shares were regarded as of the value of $1,000 each, as each member was entitled to receive $1,000 on each share held by him; and although no provisions for accumulations seem to be therein contained, yet that $1,000 was to be the value of the shares is thus clearly indicated.

Such being the condition of the organization, and the funds of the association not being sufficient to pay to the members who had not obtained advances the sum of $1,000 per share, it is apparent that neither the trustees nor the members, nor both, in opposition to the wish of any one of their number, could dissolve or terminate the business of the corporation; and that the attempt made in the case at bar so to do, and to divide the assets of the corporation, was illegal and void. It appears, however, from the proof in the case, that, in consequence of this attempt of the trustees to thus illegally terminate the life of this corporation, its affairs have come into such a condition that it is impossible for it to continue properly its business; and that the removal of the trustees, who have attempted to perform these illegal acts, will not enable the corporation to continue and complete the purpose of its organization. It, therefore, became necessary that a receiver of the corporation and its assets should be appointed, and that such a distribution thereof should be made as was just and equitable.

By the decree entered herein, the receiver is directed to execute to some of the mortgagors and members of the society certificates of satisfaction of their mortgages upon certain terms, and to pay to certain other members of the society the par value of their shares, namely, $1,000, with interest. As the funds of the society do not give these members this right, this portion of the judgment is erroneous. The fact that the trustees have violated their duty in attempting to terminate the business of the corporation in violation of the statute does not confer upon some of the members any greater right to the assets than is enjoyed by the other members, and there must be an equitable distribution and each member must be allowed the proportionate sum to which he is entitled.

The provisions of the judgment, therefore, so far as it requires the satisfaction of these mortgages given by some of the members and the payment to others of $1,000 per share, seems to be erroneous and cannot be upheld, and in this respect the judgment must be modified by directing the receiver to divide, according to the principles under which the corporation was organized, its assets; crediting upon the mortgages of members held by the association, their dividends in its assets and collecting the balance thereof, and paying to those members who have not obtained advances, their proportionate share in such assets. In other respects the decree should be affirmed.

The objection that the action should have been brought upon the relation of somebody does not seem to be well taken, because under sections 1781 and 1782 of the Code the attorney-general, in behalf of the people of the State, has a right to bring actions compelling the officers of corporations to account for their official conduct in the management and disposition of the funds and property committed to their charge, and also to procure a judgment suspending them from office where it appears that they have abused their trust. This is the relief which was asked for in the case at bar and it was given by the judgment.

In order to entitle the people to bring an action to dissolve a corporation, according to section 1798 of the Code, leave of the court must be granted before such an action can be maintained, and, therefore, in the suit at bar a judgment dissolving the corporation could not be obtained.

The judgment should be modified as above mentioned, and as modified affirmed without costs.

BRADY and DANIELS, JJ., concurred.

Judgment modified as directed in the opinion, and affirmed as modified without costs.